UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NOLEEKA LEONARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV-09-192-B-W |
| | ) |
| EDITHA A. YOUNG and | ) |
| TERESA MARIE MOORE, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On May 15, 2009, Noleeka Leonard filed a Complaint against Editha A. Young and Teresa Marie Moore, alleging that their negligence caused a motor vehicle collision that resulted in personal injuries to Ms. Leonard.  *Compl.* (Docket # 1).[1]  Ms. Leonard alleges she was a passenger in a motor vehicle operated by Ms. Moore, when Ms. Young's approaching vehicle suddenly and without warning swerved across the centerline and violently collided with Ms. Moore's vehicle.  *Id.*  On February 2, 2010, Ms. Moore moved for summary judgment on the ground that there is "no evidence that she did anything to cause the accident."  *Def. Teresa Moore's Mot. for Summ. J.* at 1 (Docket # 13).  Ms. Leonard failed to answer the motion within the twenty-one day period provided by local rule.  D. Me. Loc. R. 7(b).

When a party has failed to oppose a motion for summary judgment, the court accepts as true "all [the moving party's] uncontested facts."  *Fontanez-Nunez v. Janssen Ortho LLC*, 447 F.3d 50, 52-53 (1st Cir. 2006); *Robinson v. Wright*, 460 F. Supp. 2d 178, 182 (D. Me. 2006); D. Me. Loc. R. 56(f) (providing that the "[f]acts contained in a supporting . . . statement of material

---

[1] Ms. Leonard asserts federal court jurisdiction under 28 U.S.C. § 1332(a)(1) since Ms. Leonard is a citizen and resident of Johnson County, Tennessee, Ms. Young is a citizen and resident of Meddybemps, Maine, and Ms. Moore a resident of Rock Hill, South Carolina and the amount in controversy exceeds $75,000.

facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted"). The failure of the non-moving party to respond does not automatically entitle the movant to summary judgment, since Rule 56(e) stipulates that the Court may enter summary judgment "if appropriate" when the opposing party fails to respond. Fed. R. Civ. P. 56(e)(2). In these circumstances, the Court must "inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." *Cordero-Soto v. Island Fin., Inc.*, 418 F.3d 114, 118 (1st Cir. 2005).

Ms. Moore's Statements of Material Fact include 1) that Ms. Young "made a sudden, left turn in front of [the Moore vehicle], causing the vehicles to collide"; 2) that Ms. Young "admitted fault" after the accident and said she was "tired from her long commute"; 3) that "there is no evidence that [Ms. Moore] did anything to cause this accident," specifically no evidence that she was in any way distracted; and 4) that the Plaintiff herself, who was sitting next to Ms. Moore, agreed that Ms. Moore had done nothing to cause the motor vehicle accident. *Def. Teresa Moore's Statement of Material Facts* ¶¶ 2-11 (Docket # 14). For purposes of ruling on the motion for summary judgment, the Court accepts these unrefuted statements as true.

Under Maine law, a case of negligence requires a plaintiff to establish four elements: duty, breach, causation, and damages. *Reid v. Town of Mt. Vernon*, 2007 ME 125, ¶ 14, 932 A.2d 539, 544. Here, there is no evidence from which a reasonable factfinder could determine that Ms. Moore breached her duty of care.

The Court GRANTS Teresa Marie Moore's Motion for Summary Judgment (Docket # 13), and ORDERS Judgment to enter against Plaintiff Noeeka Leonard and in favor of Defendant Teresa Marie Moore.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2010